UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>THE DAY & ZIMMERMANN GROUP, INC. AND SUNRISE BEACH CORPORATION, D/B/A M2 SERVICES CORPORATION,<br><br>Defendants. | Civil Action No. _____<br><br>**COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL**<br><br>**INJUNCTIVE RELIEF SOUGHT** |

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, and the Pregnancy Discrimination Act, to correct unlawful sex-based employment practices and to provide appropriate relief to Charging Party Jasmine Pates ("Pates"), who was adversely affected by such practices. As alleged with greater specificity below, Defendants The Day & Zimmermann Group, Inc. ("DZ") and Sunrise Beach Corporation, d/b/a M2 Services Corporation ("M2") (collectively "Defendants"), subjected Ms. Pates to discrimination based on her sex, specifically pregnancy, by placing her on an involuntary, unpaid leave of absence and terminating her employment because of her pregnancy, a condition of her sex (female).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3)

of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and Section 102 of Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the U.S. District Court for the Middle District of Florida, Jacksonville Division.

## PARTIES

3. The EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and Section 102 of Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. DZ owns and operates M2.

5. On March 30, 2018, DZ acquired M2. Upon information and belief, M2 is a wholly owned subsidiary of DZ. DZ is responsible for all of M2's debts and liabilities.

6. DZ, by and through M2, has continuously been a corporation doing business in Jacksonville, Florida and has continuously had at least fifteen (15) employees, at all relevant times.

7. At all relevant times, DZ, by and through M2, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

8. M2 has continuously been a corporation doing business in Jacksonville, Florida

and has continuously had at least fifteen (15) employees, at all relevant times.

9. At all relevant times, M2 has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## CONDITIONS PRECEDENT

10. More than thirty (30) days prior to the institution of this lawsuit, Ms. Pates filed a Charge of Discrimination with the EEOC alleging that M2 violated Title VII.

11. The EEOC issued a Letter of Determination on June 26, 2018, finding reasonable cause to believe that the discrimination alleged occurred.

12. Prior to initiating this lawsuit, the EEOC attempted to correct the unlawful employment practices alleged herein through informal methods of conciliation, conference, and persuasion, to remedy the discriminatory practices and provide appropriate relief.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

14. DZ and M2 provide aviation and heavy vehicle maintenance, modification, painting, component repair, and overhaul services to the U.S. military at the National Air Station Jacksonville, in Jacksonville, Florida.

15. Ms. Pates is a 28-year-old woman.

16. Ms. Pates was employed by M2 as an aircraft worker cleaner from July 8, 2015 until the termination of her employment on March 21, 2016.

17. Ms. Pates was a civilian employee of M2.

18. Ms. Pates worked for M2 at the National Air Station Jacksonville, in Jacksonville, Florida.

19. As an M2 aircraft worker cleaner, Ms. Pates was responsible for cleaning aircraft parts.

20. Aircraft cleaners are potentially exposed to dirt, dust, fumes, grease, oils, cleaning agents, and hazardous metals and coatings.

21. Throughout her employment, Ms. Pates was qualified for her position and performed her duties in a professional and competent manner.

22. On January 19, 2016, Ms. Pates informed M2 that she was pregnant.

23. Specifically, Ms. Pates advised her M2 supervisor, Eric Lothar ("Lothar"), of her pregnancy. In response, Mr. Lothar instructed Ms. Pates to speak with Anne "Lowry" Peaks ("Peaks"), an M2 administrative assistant.

24. Pursuant to Mr. Lothar's instruction, that same day, Ms. Pates met with Ms. Peaks and informed her of her pregnancy.

25. In response, M2 placed Ms. Pates on an involuntary, unpaid leave of absence and provided her with disability leave paperwork.

26. Ms. Pates never requested that M2 place her on a leave of absence.

27. Ms. Pates never requested to be placed on disability leave and was not disabled.

28. Instead, M2 unilaterally decided that Ms. Pates, as a pregnant woman, should not be exposed to dirt, dust, fumes, grease, oils, cleaning agents, and/or hazardous chemicals and materials.

29. M2 would not permit Ms. Pates to return to work without medical clearance.

30. M2 instructed Ms. Pates to give documentation that it provided to her about worksite chemicals to a physician and to get permission to return to work.

31. On February 8, 2016, Ms. Pates visited with a physician selected by M2.

32. That physician recommended that Ms. Pates not return to work unless she obtained a letter from her OBGYN permitting her to do so.

33. On February 18, 2016, Ms. Pates' treating certified nurse midwife wrote to M2, and made clear that she was not disabled, and noted that exposure to ethanol and heat stress should be reduced where possible at work.

34. Ms. Pates expected that, with the letter from her treating certified nurse midwife, she would finally be permitted to return to work.

35. Having not received a response from M2, on or about February 25, 2016, Ms. Pates contacted M2 to follow up. She was advised that M2's human resources personnel were busy but that they would get back to her.

36. Thereafter, still having not received a substantive response from M2, Ms. Pates contacted the company on approximately a weekly basis to inquire when she would be allowed to return to work.

37. On March 24, 2016, M2 left Ms. Pates a telephone message stating that, if she failed to return the disability paperwork it provided to her, her employment would be terminated.

38. That same day, Ms. Pates received a letter from M2 terminating her

5

employment for job abandonment.

39. Ms. Pates did not abandon her job.

40. Ms. Pates has suffered damages as a result of the conduct described herein.

## STATEMENT OF CLAIMS

41. Paragraphs 15 through 40 are fully incorporated herein.

42. M2 engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), and the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), by subjecting Ms. Pates to sex discrimination. Specifically, M2 discriminated against Ms. Pates based on her sex by placing her on an involuntary, unpaid leave of absence and terminating her M2 employment because of her pregnancy, a condition of her sex (female).

43. The effect of the practices complained of in Paragraphs 15 through 40, above, has been to affect the terms and conditions of employment for Ms. Pates, to deprive her of equal employment opportunities, and to otherwise adversely affect her status as an employee because of her pregnancy, a condition of her sex (female).

44. The unlawful employment practices complained of in Paragraphs 15 through 40, above, were done intentionally and with malice and/or with reckless indifference to Ms. Pates' federally protected rights.

6

## PRAYER FOR RELIEF

WHEREFORE, the EEOC respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants, its officers, directors, agents, managers, supervisors, employees, and all persons in active concert or participation with them, from participating in discriminatory conduct based on sex;

B.    Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant women;

C.    Order Defendants to make Ms. Pates whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D.    Order Defendants to make Ms. Pates whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

E.    Order Defendants to pay Ms. Pates punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

F.    Grant such further relief as the Court deems necessary and proper in the public interest; and

G.    Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Dated: January 29, 2019

        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        131 M Street, N.E.
        Washington, DC 20507

        ROBERT E. WEISBERG
        Regional Attorney
        Florida Bar No. 285676

        KIMBERLY A. CRUZ
        Supervisory Trial Attorney
        Florida Bar No. 153729

        /s/ *signature*

        ROBERT L. ADLER
        Trial Counsel
        Florida Bar No. 1004597

        Miami District Office
        100 S.E. 2nd Street, Suite 1500
        Miami, Florida 33131
        Phone: (305) 808-1783
        Fax: (305) 808-1835
        Robert.Adler@eeoc.gov

        *Attorneys for Plaintiff*