UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.: 3:19-CV-00127-BJD-MCR |
| Plaintiff, | |
| JASMINE PATES, | |
| Plaintiff-Intervenor, | |
| -against- | |
| THE DAY & ZIMMERMANN GROUP, INC. AND SUNRISE BEACH CORPORATION, D/B/A M2 SERVICES CORPORATION, | |
| Defendants. | |

## CONSENT DECREE

The Consent Decree ("Decree") is made and entered into by and between Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC"), and Defendants, The Day & Zimmermann Group, Inc. ("D&Z") and Sunrise Beach Corporation, d/b/a "M2 Services Corporation," ("M2") ("Defendants") (collectively the "Parties").

## I. INTRODUCTION

1.      EEOC filed this action on January 29, 2019 pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), Title I of the Civil Rights Act of 1991, 42 U.S.C. § 198la ("Title I"), and the Pregnancy Discrimination Act ("PDA") of 1978, 42 U.S.C. § 2000e(k), to correct unlawful employment practices on the basis of sex (pregnancy) and to provide appropriate relief to Jasmine Pates ("Charging Party" or "Pates").

2.      EEOC alleged that M2 discriminated against Pates by refusing to permit her to work while pregnant despite her medical clearance because of her pregnancy, a condition of her sex (female) and that D&Z, through its purchase of M2, became liable for M2's acts. Defendants deny these allegations and state that, by entering into this decree, they admit no wrongdoing or violation of the law.

3.      In the interest of resolving this matter without further litigation and adjudication, the Parties have agreed that this action should be finally resolved by entry of this Decree.

4.      No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved by all parties to this Decree, and approved or ordered by the Court (unless a different procedure is specifically provided for in this agreement with respect to particular provisions).

5.      This Decree constitutes the complete understanding between EEOC and Defendants with respect to the matters herein. While a separate settlement agreement may be executed between Pates and Defendants, any such agreement shall not supersede or conflict with this Decree and EEOC shall not be a party to any such agreement.

6.      If one or more of the provisions contained herein are deemed or rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate its purposes. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

2

7.      This Decree fully and finally resolves any and all claims asserted in the Complaint filed by EEOC in this action styled *EEOC v. The Day & Zimmermann Group, Inc. and Sunrise Beach Corporation, d/b/a M2 Services Corporation*, No. 3:19-CV-00127-BJD-MCR (M.D. Fla.), which arose from EEOC Charge No. 510-2016-04908 filed by Pates.

8.      The Parties acknowledge that this Decree does not resolve any other charges of discrimination that may be pending with EEOC against either Defendant, or any charge that may be filed in the future, other than the charge listed above. EEOC reserves all rights to proceed regarding matters not covered in this Decree.

9.      The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, and successors of M2, and any other corporations or entities into which M2 may merge or with which either may consolidate. The Day & Zimmerman Group, Inc. is also a party to this Decree and, through its affiliation with M2, certain provisions of this Decree, as provided for below, are also binding upon it.

## II. FINDINGS

10.     Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

      a.  This Court has jurisdiction over the subject matter of this action and the Parties, venue is proper, and all administrative prerequisites have been met.

      b.  The Court shall retain jurisdiction to enforce this Decree and its terms for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein for the duration of this Decree.

3

c. A breach of any term of this Decree by either Defendant shall be deemed a substantive breach of this Decree for which EEOC may bring an enforcement action. No party shall contest the validity of this Decree, or the jurisdiction of the Federal District Court to enforce this Decree and its terms.

d. The terms of this Decree are adequate, reasonable, equitable, and just.

e. The rights of the Parties, the Charging Party, and the public interest are adequately protected by this Decree.

f. This Decree conforms with the Federal Rules of Civil Procedure and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and is not in derogation of the rights or privileges of any person.

g. The entry of this Decree will further the objectives of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a and is in the best interests of the Parties, the Charging Party, and the public.

In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, the Parties agree and the Court finds appropriate, and it is therefore **ORDERED, ADJUDGED, and DECREED AS FOLLOWS:**

4

### III. DURATION OF THE DECREE AND RETENTION OF JURISDICTION

11.     All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of three (3) years, which period commences immediately following entry of the Decree, provided, however, that if, at the end of the three (3) year period any disputes remain unresolved, the Court will, with respect to the unresolved disputes, retain jurisdiction of this matter to enforce the Decree, until such time as all such disputes have been resolved.

12.     Each Defendant shall bear all costs incurred by EEOC caused by its non-compliance with this Decree, including but not limited to, any and all costs arising out of EEOC's efforts to enforce this Decree and/or remedy any breach in this Court.

### IV. MONETARY RELIEF

13.     Defendants shall pay total, exclusive, and voluntary monetary relief totaling **$125,000.00** to settle the claims asserted by EEOC in its Complaint. Such payments, as detailed below, shall be made to Pates through her attorney. It is acknowledged that this monetary relief agreed to in settlement of damages, as set forth herein, constitutes a debt owed to and collectible by the United States.

14.     Within fourteen (14) calendar days of the entry of this Decree, Defendants shall pay monetary damages to Pates in two separate checks as follows:

a.  a check made payable to Jasmine Pates in the amount of **$10,000.00** representing back pay, for which Day & Zimmermann will issue an IRS Form W-2 in this amount to Pates; and

b. a check made payable to the Trust Account of Magid & Williams, 3100 University Blvd. South, Suite 115, Jacksonville, Florida 32216 in the amount of **$115,000.00** representing compensatory and all other damages, for which Day & Zimmermann will issue IRS Forms 1099 in this amount to Pates and to Magid & Williams, P.A.

15.     Defendants will make all applicable withholdings from the amount allocated to back pay in Paragraph 14(a) for federal, state, and local income taxes, and for employee Social Security taxes pursuant to the Federal Insurance Contribution Act ("FICA"), and any other deductions required by law, and Defendants will be solely responsible for paying their employer share of any costs, taxes, or Social Security required by law. At the time Defendants issue the checks referenced in Paragraph 14, Defendants will issue the IRS Form W-2 as to Pates, the IRS Forms 1099 as to Pates and Magid & Williams, P.A., and a withholding statement detailing all legal withholdings made from the check referenced in Paragraph 14(a). The checks, IRS forms, and withholding statement will be hand-delivered, mailed by overnight delivery, or mailed by certified mail (return receipt requested) to Pates' counsel: P. Daniel Williams, Esq., Magid & Williams, 3100 University Blvd. South, Suite 115, Jacksonville, Florida 32216. Defendants will simultaneously forward a copy of the checks, IRS forms, and withholding statement to the attention of Robert E. Weisberg, Kimberly Cruz, and Robert Adler, "Re: M2 Consent Decree," at U.S. Equal Employment Opportunity Commission, Miami District Office, Miami Tower, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131, and to robert.weisberg@eeoc.gov, kimberly.cruz@eeoc.gov, and robert.adler@eeoc.gov.

16.     If Pates or her counsel fail to timely receive any of the payments described in Paragraphs 13-15 above, then Defendants shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, in addition to any other remedies available under this Decree.

## V. INJUNCTIVE RELIEF

17.     Nothing in this Decree shall be construed to limit or reduce Defendants' obligations to comply with the statutes enforced by EEOC: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"); Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, as amended; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-633a, as amended; the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d); and the Genetic Information Nondiscrimination Act of 2008 ("GINA"), 42 U.S.C. § 2000f.

## NO DISCRIMINATORY PRACTICES

18.     M2 shall take all affirmative steps to ensure that it does not subject its applicants or employees to pregnancy discrimination or otherwise discriminate on the basis of sex and pregnancy (including the steps to avoid employment decisions based on paternalistic notions, assumptions, and/or stereotypes about pregnant women), or retaliate against its employees for engaging in Title VII-protected activity.

19.     M2, its representatives, agents, managers, officers, supervisors, employees, partners, successors and assigns, are enjoined from engaging in, encouraging or permitting unlawful conduct that discriminates on the basis of sex and pregnancy (including based on

paternalistic notions, assumptions, and/or stereotypes about pregnant women) in violation of Title VII and the Pregnancy Discrimination Act.

## EMPLOYMENT DECISIONS MADE WITHOUT REGARD TO PREGNANCY

20.     M2 and its representatives, agents, managers, successors and assigns, shall treat all pregnant employees on an equal basis with non-pregnant employees without regard to pregnancy status, paternalistic notions, assumptions, and/or stereotypes about pregnant women, ability to become pregnant and/or pregnancy-related disability.

## EQUAL EMPLOYMENT OPPORTUNITY RECRUITING

21.     To the extent not already in effect, M2 shall indicate that it is an equal opportunity employer that employs persons regardless of race, religion, color, national origin, sex, disability, age (40 and over), veteran status, and other protected status as required by applicable law on its websites, in all advertisements and postings for all job vacancies and a statement to this effect in the area of its offices frequented by job applicants.

## ADOPTION AND DISTRIBUTION OF POLICY
## REGARDING PREGNANCY DISCRIMINATION

22.     Within thirty (30) calendar days of the entry of this Decree, M2 shall create and implement a pregnancy non-discrimination policy (the "Policy"). The Policy must clearly define rights and prohibited conduct and specifically prohibit discrimination against all employees and applicants for employment on the basis of pregnancy, including discrimination based on reliance on paternalistic notions, assumptions, and/or stereotypes about pregnant women, or the perspective that women are less able and/or disabled because they are pregnant. Specifically, at a minimum, the Policy:

8

a.   Shall explain M2's maternity and paternity policies and procedures, including leave polices.

b.   Shall provide that M2 shall not require or encourage, formally or informally, that their personnel take a leave of absence or otherwise stop working due to pregnancy.

c.   Shall provide that M2's personnel will not suffer negative repercussions from Defendants due to pregnancy, for advising Defendants of their pregnancy and/or inquiring as to M2's maternity or paternity leave policies and procedures.

d.   Shall state that M2 is committed to compliance with Title VII, as amended by the Pregnancy Discrimination Act and similar state laws, will not take pregnancy, including paternalistic notions, assumptions, and/or stereotypes about pregnant women, into consideration at the time of employment decisions, and will engage in the interactive process with employees or applicants who request accommodation(s) due to pregnancy-related condition(s); and

e.   Shall provide that M2 shall not fail to make an offer of employment to a qualified candidate based on that job applicant's pregnancy status, status of pregnancy-related disabilities, and/or perceived medical or disability problems relating to pregnancy.

23.      A copy of the Policy will be provided to EEOC for review within thirty (30) calendar days of the entry of this Decree. Within seven (7) calendar days of the Policy adoption, M2 shall distribute copies of the Policy to each of M2's employees and managers. Additionally, a copy of the Policy shall be distributed to each job applicant to whom M2 offers

employment. A copy of the Policy shall also be included in any relevant policy or employee manual or handbook maintained by M2. The Policy must be kept and maintained in a conspicuous and accessible place for all employees of M2 and printed in a font that is easily legible (at least 12 point font).

TRAINING OF MANAGERS

24.       M2 shall provide all M2 managers and supervisors with annual, live, in-person and/or video conference (using Zoom or similar technology) training on sex discrimination in all its forms including and in particular, pregnancy discrimination, during the term of this Decree. Each training shall last a minimum of two (2) hours. The first training shall take place within ninety (90) calendar days of the Court's approval of this Decree. The remainder of the training sessions shall take place annually and no later than March 1 of each year throughout the duration of the Decree. Each training shall be provided by a Subject Matter Expert identified by Defendants and agreed to by EEOC. EEOC will not unreasonably withhold agreement. This training is mandatory for all M2 managers and supervisors. M2 acknowledges the importance of ensuring its managers and supervisors receive the training described herein. If, at the time of the scheduled training, any M2 manager or supervisor is unable to participate in the training due to being on approved leave or is otherwise unable to attend the training as scheduled due to a significant reason (*e.g.*, jury duty, etc.), he or she shall view a full recording of any missed training within fourteen (14) calendar days of such manager's or supervisor's return to work.

25.       Each training shall include the following: (1) an explanation of sex discrimination and the laws protecting applicants and employees from it; (2) an explanation of

pregnancy discrimination and the laws protecting applicants and employees from it, including a discussion of discrimination based on paternalistic notions, assumptions, and/or stereotypes about pregnant women; (3) an explanation of accommodations required as a result of pregnancy-related disabilities; (4) what managers can and cannot do when they learn an employee or applicant is pregnant; and (5) review of M2's policies and procedures with respect to pregnancy including anti-discrimination and anti-retaliation provisions, maternity leave and benefits policies.

26.     During this training, M2 shall provide all M2 managers and supervisors with a copy of its pregnancy and maternity leave policies.

27.     Defendants agree M2 will notify EEOC at least two (2) weeks before each training of the date(s) and location of the training. Defendants further agree that M2 will video record at least one (1) session of the initial and annual trainings and provide EEOC with a copy of that video recording within thirty (30) days after the training. Defendants further agree that M2 will provide EEOC with any and all copies of pamphlets, brochures, outlines, or other written materials provided to the participants of the training sessions.

## NEUTRAL JOB REFERENCE

28.     M2 shall provide Pates with a neutral letter of reference using the form attached as **Exhibit A**. Within ten (10) business days of the entry of this Consent Decree by the Court, M2 shall provide the original, signed letter to Pates at an address provided by EEOC. Pates is free to disseminate the letter to potential employers. EEOC will advise Pates to direct any requests for references to Jacqueline Scott, Human Resources, 1500 Spring Garden Street, Philadelphia, PA, 19130 (215-299-8238). Defendants agree that, in response to any requests

11

so received, M2 will provide only the information set forth in the letter of reference in response and it shall not provide any negative information whatsoever about her and shall not make mention of any charge of discrimination, allegation of discrimination, or this lawsuit, as part of any reference.

## TRAINING OF NON-MANAGERIAL EMPLOYEES

29.     M2 shall provide all non-managerial staff with an annual, live, in-person and/or video conference (using Zoom or similar technology) training on sex discrimination, including pregnancy discrimination, during the term of this Decree. Each training shall last a minimum of one (1) hour. The first training shall take place within ninety (90) days of the Court's execution of this Decree. The remainder of the training sessions shall take place annually and no later than March 1 of each year throughout the duration of the Decree. Each training shall be provided by a Subject Matter Expert identified by Defendants and agreed to by EEOC. EEOC will not unreasonably withhold agreement. This training is mandatory for all M2 non-managerial staff. M2 acknowledges the importance of ensuring its non-managerial staff receive the training described herein. If, at the time of the scheduled training, any M2 non-managerial staff member is unable to participate in the training due to being on approved leave or is otherwise unable to attend the training as scheduled due to a significant reason (*e.g.,* jury duty, etc.), he or she shall view a full recording of any missed training within fourteen (14) calendar days of such non-managerial staff member's return to work.

30.     This training shall be separate and apart from the training for managerial staff.

31.     Each training shall include the following: (1) an explanation of sex discrimination and the laws protecting applicants and employees from it; (2) an explanation of

12

pregnancy discrimination and the laws protecting applicants and employees from it, including discrimination based on paternalistic notions, assumptions, and/or stereotypes about pregnant women; (3) an explanation of accommodations required as a result of pregnancy-related disabilities; (4) what managers can and cannot do when they learn an employee or applicant is pregnant; and (5) review of M2's policies and procedures with respect to pregnancy including anti-discrimination and anti-retaliation provisions, maternity and paternity leave and benefits policies.

32.     During this training, M2 will provide all non-supervisory employees with a copy of M2's pregnancy and maternity leave policies.

33.     M2 will also provide the training attendees with names, email addresses, and contact information for at least two management-level employees within D&Z's or M2's human resources departments to whom M2's employees may complain about pregnancy discrimination.

34.     M2 agrees to notify EEOC at least two (2) weeks before each training of the date(s) and location of the training. Defendants further agree to video record at least (1) session of the initial and annual training and provide EEOC with a copy within thirty (30) days after the training. Defendants further agree to provide EEOC with any and all copies of pamphlets, brochures, outlines, or other written materials to be provided to the participants of the training sessions.

## MONITORING AND REPORTING

35.     M2 will provide EEOC with twice-annual reports for a period of three (3) years following the Effective Date of this Decree. The first reports will be due six (6) months from

the Court's execution of this Decree is entered, and thereafter on March 1 and September 1 of each year throughout the duration of this Decree. M2 shall provide EEOC with a total of two (2), twice-annual, reports, irrespective of when the Decree expires. Each report shall contain:

    a.    A description of each pregnancy discrimination complaint made by any manager or employee of M2, including the names, addresses, and telephone numbers of the complaining party and any witnesses identified by the complaining party;

    b.    Any and all action M2 took in response to each complaint, and any written statements obtained or provided by the complaining party and/or witnesses;

    c.    A certification that the Notice required to be posted pursuant to Paragraph 38 of this Decree remained posted during the entire six (6) month period preceding the report; and

    d.    M2 will make all employees available to EEOC for interviews in connection with any information reported pursuant to Paragraph 35(a) and (b) of this Decree, or for purposes of determining and/or monitoring M2's compliance with this Decree.

36.    Once per year, EEOC may, upon 72 hours written notice, review M2's compliance with this Decree by inspecting M2's facilities, interviewing M2's management and employees, and examining and copying M2's documents.

37.    Any reports or notices to EEOC required by this Decree shall be sent to the attention of Robert E. Weisberg, Kimberly Cruz, and Robert Adler, "Re: M2 Consent Decree," at U.S. Equal Employment Opportunity Commission, Miami Tower, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131 and to robert.weisberg@eeoc.gov, kimberly.cruz@eeoc.gov, and robert.adler@eeoc.gov.

## POSTING OF NOTICE

38.     Within ten (10) calendar days from the Court's execution of this Decree, M2 shall post an eleven (11) inches by fourteen (14) inches laminated copy of the Notice attached as **Exhibit B** to this Decree (the "Notice") at M2's facilities at conspicuous locations easily accessible to, and commonly frequented by, M2's employees (*e.g.*, next to the reception desk, in the lunch room/cafeteria, in employee locker rooms). The Notice shall remain posted for the entire term of this Decree. M2 shall take all reasonable steps to ensure that the postings are not altered, defaced, or covered by any other material. Within fifteen (15) calendar days from the Court's entry of this Decree, M2 shall certify to EEOC in writing that the Notice has been properly posted as described in this Paragraph and provide a digital photo of the posting to EEOC.

## MISCELLANEOUS PROVISIONS

39.     Nothing contained in this Decree will be construed to limit any obligation M2 may otherwise have to maintain records under Title VII or any other law or regulation.

## DOCUMENT AND DATA RETENTION

40.     Notwithstanding the expiration of the other provisions of this Decree, for one (1) calendar year after the expiration of the term of this Decree, Defendants shall retain all documents or data made or kept under this Decree. Defendants shall provide such documents or data to EEOC within ten (10) business days after receiving EEOC's written request, provided the same is received by Defendants no later than fifteen (15) days after the expiration of such one-year period.

## DISPUTE RESOLUTION

41.     In the event that any party believes that another party or parties has failed to comply with any provisions of the Decree, the complaining party shall notify the alleged non-complying party(ies) in writing of such non-compliance and afford the alleged non-complying party(ies) ten (10) calendar days to remedy the non-compliance or satisfy the complaining party that the alleged non-compliance has been remedied. If the alleged non-complying party(ies) has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) calendar days, the complaining party may apply to the Court for appropriate relief.

42.     The dispute resolution provision is not applicable to the monetary provisions of this Decree.

## NOTIFICATION TO SUCCESSORS

43.     M2 shall provide prior written notice of this lawsuit and a copy of the Complaint and this Decree to any successors or any other corporation, entity, or division with which M2 may merge or consolidate during the term of this Decree. The successors or acquiring entities shall also be bound by this Decree.

## NO CONDITIONAL RECEIPT

44.     Defendants will not condition the receipt of individual relief on Pates' agreement to: (a) maintain as confidential the terms of this Decree; (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) waive her right to apply for a position with Defendants.

**[END]**

16

SO ORDERED, ADJUDGED AND DECREED, this 16th day of August 2019.

THE HONORABLE BRIAN J. DAVIS
UNITED STATES DISTRICT JUDGE

**AGREED TO:**
For Plaintiff U.S. Equal Employment Opportunity Commission:

By: _____   Date: July 12, 2019

ROBERT E. WEISBERG
Regional Attorney
U.S. EEOC
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Tel: 305-808-1801
robert.weisberg@eeoc.gov
*Attorney for Plaintiff U.S. EEOC*

For Defendant The Day & Zimmermann Group, Inc.:

By: _____   Date: July 16, 2019
Lisa A. Cooney, Assistant Secretary

For Defendant Sunrise Beach Corporation:

By: _____   Date: 7/16/19
Scott L. Fast, Assistant Secretary

17

# EXHIBIT A

[M2 Letterhead]

[Date]

To Whom It May Concern:

Jasmine Pates was employed by M2 as an aircraft worker cleaner between July 8, 2015 and March 21, 2016. Her rate of pay was $18.98 per hour.

We hope that you find this information about Ms. Pates helpful to you as you consider her for employment.

Sincerely,


Billie E. Dickson
Human Resources Director

19

# EXHIBIT B

### NOTICE TO ALL EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court in *E.E.O.C. v. The Day & Zimmermann Group, Inc. ("D&Z") and Sunrise Beach Corporation, d/b/a M2 Services Corporation ("M2")*, No. 3:19-CV-00127-BJD-MCR (M.D. Fla.). In this case, the plaintiff alleged that M2, prior to its affiliation with D&Z, discriminated against a female employee because of her pregnancy, a condition of her sex (female), and that D&Z, through its affiliation with M2, became liable for M2's acts. D&Z and M2 denied these allegations and renew their commitment to comply with all applicable laws as set forth below.

Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act ("PDA") protects individuals from employment discrimination because of pregnancy. D&Z and M2 will not condone employment discrimination of any kind as set forth in federal anti-discrimination laws, including, but not limited to, pregnancy discrimination. It is the policy of D&Z and M2 to treat employees and applicants equally, regardless of sex, race, color, religion, national origin, age, disability or pregnancy status. D&Z and M2 adhere to their policy of prohibiting no intentional discrimination in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act ("ADEA"), the Genetic Information Non-Discrimination Act ("GINA"), the Equal Pay Act ("EPA") of 1963, and/or the Americans with Disabilities Act ("ADA").

D&Z and M2 also assure M2's employees that their commitment to following these federal laws includes not taking any action against an individual because he/she has exercised his/her rights under the law to oppose discriminatory acts or to file charges with EEOC. Appropriate corrective action, up to and including termination, based upon the circumstances involved, shall be taken against any employee (including management personnel) found to have violated D&Z's and M2's policy prohibiting discrimination and retaliation in any form.

EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age. If you believe you have been discriminated against, you may contact EEOC at (305) 808-1740. EEOC charges no fees and has employees who speak languages other than English.

This Notice must remain posted for three (3) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice may be directed to: M2 Consent Decree, c/o Robert E. Weisberg and Robert Adler, U.S. Equal Employment Opportunity Commission, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131 or robert.weisberg@eeoc.gov, or robert.adler@eeoc.gov.

Date: _____, 2019

21